**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**THOMAS EUGENE GARDNER, JR.,**

      **Petitioner,**

**v.**                             **Civil Action No. 3:16cv3**
                                             **(GROH)**

**DAVID BALLARD, Warden,**

      **Respondent**.

## REPORT AND RECOMMENDATION

### I. Introduction

On January 6, 2016, the *pro se* Petitioner filed a Petition for Habeas Corpus under 28 U.S.C. § 2254 along with a motion to proceed *in forma pauperis* ("IFP") and a copy of his Prisoner Trust Account Report with its Ledger Sheets. After being granted permission to proceed as a pauper on January 26, 2016 [ECF No. 6], the Petitioner paid the $5.00 filing fee on February 22, 2016. ECF No. 8. Upon an initial review, it appeared that the petition might be untimely. Accordingly, on March 1, 2016, the Respondent was directed to Show Cause on the limited issue of timeliness. ECF No. 9. On March 30, 2016, the Respondent filed a Motion to Dismiss with exhibits and a memorandum in support. ECF Nos. 11 & 12. Because Petitioner was proceeding *pro se,* by Order and <u>Roseboro</u> Notice entered on March 31, 2016, Petitioner was advised of his right to file a response to the Respondent's dispositive motion. ECF No. 13. On April 7, 2016, Petitioner filed his response, styled as Petitioner's Reply to Respondent's Motion to Dismiss. ECF No. 15. On July 6, 2016, Petitioner filed an additional response, styled as Petitioner's Motion for Judicial Notice. ECF No. 16. On July 13, 2016, the Respondent moved for an

extension of time in which to reply. ECF No. 17. By Order entered July 14, 2016, the motion was granted. ECF No. 18. The Respondent filed its reply on August 2, 2016. ECF No. 19.

By Order entered September 7, 2016, Respondent's motion to withdraw its initial dispositive motion, contained within its reply to Petitioner's Motion for Judicial Notice, was granted, and to the extent that Respondent believed Petitioner had filed a mixed petition, Respondent was directed to file an appropriate motion and memorandum in support of the same. ECF No. 20. On September 29, 2016, Respondent filed a Motion to Dismiss for Failure to Exhaust his State Remedies with a memorandum in support. ECF Nos. 22 & 23. A Roseboro Notice issued on October 4, 2016. ECF No. 25. On October 20, 2016, Petitioner filed two different responses to the Respondent's dispositive motion, each styled as Petitioner's Reply to Respondent's Motion to Dismiss for Failure to Exhaust State Remedies. ECF No. 27 & 28. By Order entered January 12, 2017, the Respondent was directed to file copies of certain state court pleadings by Petitioner. ECF No. 29. Respondent filed the copies of Petitioner's state court pleadings on January 13, 2017. ECF No. 30.

A. **Background**

On February 1, 2010, in the Circuit Court of Marion County, West Virginia, Petitioner was indicted in Case No. 10-F-10 on one count of Distribution and Display to Minor of Obscene Material pursuant to West Virginia Code § 61-8A-1. ECF No. 11-1 at 2. The indictment alleged that on or about November 4, 2008, Petitioner engaged in a sexually explicit telephonic conversation with a thirteen year-old girl, and then played a sexually explicit tape over the telephone to her. State v. Gardner, No. 11-0714, 2012 WL 2892240, at *1 (W.Va. Feb. 13, 2012). The evidence adduced during the circuit court proceedings established that Petitioner's

conversation with this thirteen year old concerned the topics of Catholic school girls, spanking, and rape. Id.

**B. State Court Proceedings**

Petitioner's trial counsel was attorney Thomas Dyer ("Dyer"). On January 19, 2011, Petitioner pled guilty to Distribution and Display to Minor of Obscene Material in violation of West Virginia Code § 61-8A-2(a). See ECF No. 11-1 at 4 -5. The same day, the county prosecutor filed a "Third or Subsequent Offense Felony Information," (hereinafter "Recidivist Information"), based on his guilty plea and his prior felony convictions for statutory rape, involuntary deviate sexual intercourse, kidnapping, and failure to register as a sexual offender. Id., ¶2 at 5 and Gardner v. Ballard, 2015 W. Va. LEXIS 1211 at *2 (W.Va. 2015). Petitioner was arraigned on this charge on January 24, 2011. ECF No. 11-1, ¶2 at 5. The matter was set for trial on March 15, 2011. Id. The day before trial, Petitioner indicated his wish to admit to the recidivist charge. Id., ¶3 at 5. On March 15, 2011, Petitioner was informed by the court that should he plead guilty he would be sentenced "to the penitentiary for the remainder of your natural life." Id., ¶ 3 at 5. Thereafter, with the benefit and advice of counsel, Petitioner pled guilty to being a recidivist as set forth in the Recidivist Information. Id., ¶ 4 at 6.

On March 30, 2011, Petitioner was sentenced to life in prison pursuant to the recidivist statute. See State v. Gardner, 2012 WL 2892240 at *1 (W.Va. 2012).

**C. Direct Appeal**

On July 27, 2011, also through attorney Dyer, Petitioner filed a direct appeal of his conviction and sentence to the West Virginia Supreme Court of Appeals ("WVSCA") where it was assigned Case No. 11-0714.

On appeal, Petitioner asserted that

1) the Circuit Court erred in ruling that an obscene phone call is a "distribution" as defined by W.Va. Code § 61-8A-1 [ECF No. 30-1 at 5]; and

2) his life recidivist sentence (W.Va. Code § 61-11-18) imposed by the Circuit Court was unconstitutional [under the State and federal Constitutions]. Id. at 8.

By memorandum decision issued on February 13, 2012, the WVSCA affirmed the conviction and found that Petitioner's sentence was appropriate given his long history of sex-based crimes and that it was in full accord with West Virginia's recidivist statute. See State v. Gardner, 2012 W. Va. LEXIS 34, *6 - 7 (Feb. 13, 2012). Mandate issued on March 15, 2012. ECF No. 11-1 at 35.

**D. State Habeas**

**1) First State Habeas**

Petitioner filed a *pro se* petition for writ of habeas corpus in the Circuit Court of Marion County on December 10, 2012; it was assigned Case No. 12-C-449. In that petition, he raised these claims:

A. Ground One: Ineffective Assistance of Trial and Appellate Counsel, Thomas G. Dyer. Petitioner was denied effective assistance of counsel pre-trial, at trial, and post-trial, in direct violation of West Virginia Constitution, Article III, § 10 and 14 and United States Constitution, Amendments 6 and 14, mandating reversal of his convictions and vacation of his sentences, with new trial granted:

1) Counsel erred in advising Petitioner to plead guilty to violating WV Code § 6l-8A-2(a) (Distribution and display to minor of obscene matter) rather than either going to trial or pleading to the lesser charge of WV Code § 61-8-16 (Obscene, anonymous, harassing, repeated and threatening telephone calls) when no tangible evidence existed to support the harsher statute. ECF No. 19-1 at 5.

2) Counsel failed to properly instruct Petitioner regarding being sentenced as a recidivist if he plead guilty, and no reference is mentioned anywhere in Petitioner's plea agreement. Instead, Counsel advised Petitioner to plead guilty to both the current charges and to being a recidivist in Circuit Court, stating they could get it reversed in the State Supreme Court of Appeals. Petitioner stated he understood what he was pleading to at hearing, because he was instructed by counsel to respond in the affirmative and because he believed Counsel's promise that it would be reversed in appeal. Id.

3) Counsel failed to admit and subsequently appeal the above noted errors and instead appealed only the semantics of West Virginia Code § 61-8A-2(a) and the constitutionality of Petitioner's sentence. Id.

4) Counsel failed to conduct a proper investigation regarding:

a) Petitioner's prior convictions and whether they qualify as elements under the WV Recidivist Code § 61-11-18 and to object to same. Id.

b) Alleged evidence: State took a random video from Petitioner's girlfriend's house, transferred it to a DVD and claimed it as evidence. No fingerprints were taken from source tape. Where is the Chain of Custody Certification? Id.

5) Counsel failed to pursue Petitioner's case by his right to a West Virginia Writ of Habeas Corpus and advised him to pursue a Federal Habeas Corpus instead and to request the appointment of a Federal attorney to assist him, thus abandoning his role as advocate. Id.

6) Counsel failed to petition the presiding Judge of the Circuit Court of Marion County pursuant to West Virginia Code § 62-12-3 within sixty (60) days of sentencing for suspension of the execution of his sentence and release on probation as noted in Petitioner' s Sentencing Order. Id.

7) Counsel failed to petition the Judge of the Circuit Court of Marion County, pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure within one hundred twenty (120) days of sentencing, for correction or reduction of his sentence as noted in Petitioner's Sentencing Order. Id. at 6.

On February 15, 2013, the circuit court appointed Braden L. Christopher ("Christopher") as habeas counsel. See Gardner v. Ballard, 2014 W. Va. LEXIS 1163 *3 – 4 (W.Va. 2014). On June 14, 2013, Petitioner, through attorney Christopher, filed an amended state habeas corpus petition with the Circuit Court of Marion County, raising these grounds:

1) the Court lacked jurisdiction to impose a life sentence on a recidivist charge given that it failed to follow the strict procedural requirements set forth in W.Va. Code § 61-11-19 [ECF No. 11-1 at 43];

2) counsel was ineffective when he failed to challenge the Recidivist Information prior to or at sentencing on the grounds that the Information was defective for its noncompliance with the enhanced sentencing statute [id. at 47];

3) counsel was ineffective for failing to correct the prosecutor's misrepresentation and prejudicial statements made to the Court in the filed Information and during argument [id. at 52];

4) counsel was ineffective for advising Petitioner to admit to being a recidivist when counsel knew or should have known that a life sentence based on the false allegations in the Information would not violate the proportional[ity] provision in the West Virginia Constitution and that the State was having difficulty confirming the Pennsylvania felony [id. at 55];

5) Petitioner's guilty plea to the underlying felony was involuntary given that the prosecuting attorney induced Petitioner to plead to it by encouraging a justifiable belief that the State would not inform the Court of any prior convictions if a guilty plea was entered [id. at 60];

6) counsel was ineffective in assisting Petitioner with the underlying felony charge by advising Petitioner to enter a guilty plea after explaining that even if a Recidivist Information were filed, the WVSCA would never uphold a life sentence based on a phone call [id. at 65]; and

7) Petitioner preserved and alleged any and all potential grounds for habeas corpus relief as set forth in the Losh v. McKenzie[1] checklist, whether or not specifically discussed above. Id. at 68.

An omnibus hearing was conducted on October 25, 2013. ECF No. 11-1, ¶6 at 6. By Order entered November 25, 2013, the Circuit Court of Marion County denied the petition. Id. at 29.

On December 23, 2013, Petitioner filed a notice of appeal from the Circuit Court of Marion County's Order denying his first amended state habeas petition; the case was docketed as Case No. 13-1301. In his March 27, 2014 appellate brief, Petitioner raised these points of error:

1) the State breached the terms of the written plea agreement and caused the Petitioner's entry of his guilty plea pursuant to the plea agreement to be involuntary because the State filed [the] Recidivist Information despite the written plea agreement. ECF No. 30-2 at 6.

2) The trial court lacked jurisdiction to impose a life sentence on Petitioner when it failed to follow the strict procedural requirements set forth in W.Va. Code § 61-11-19. Id. at 11.

3) Petitioner's trial counsel was ineffective for failing to identify the procedural defect in the information charging Petitioner as a recidivist. Id. at 17.

4) The host of issues raised in Petitioner's habeas corpus petition show that the prosecution of his case was constitutionally deficient. Id. at 21.

---

[1] Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606 (1981).

On November 3, 2014 the WVSCA issued a memorandum decision, again affirming Petitioner's conviction and sentence and denying his requested relief. <u>Gardner v. Ballard</u>, No. 13-1301, 2014 WL 5546202 (W.Va. Nov. 3, 2014). Mandate also issued on November 3, 2014. ECF No. 11-1 at 74.

**2) <u>Second State Habeas</u>**

On January 20, 2015, Petitioner filed a second *pro se* petition for state habeas relief in the Circuit Court of Marion County; it was assigned Case No. 15-C-21. <u>See</u> ECF No. 11-1 at 77. In it, Petitioner raised three grounds for relief:

1) his conviction and sentence pursuant to W.Va. Code § 61-8A-2 (2012, c. 33) for distribution and display of obscene matter to a minor violates Article III, §4 of the West Virginia Constitution and Article 1, §10, cl. 1 of the United States Constitution. ECF No. 30-3 at 4.

2) The Legislature has created disproportionate punishments for Petitioner's conduct predicated solely on the age of the victim and enhanced the power of the executive branch to enhance punishment. <u>Id.</u> at 6.

3) Enhancement of a criminal sentence predicated on crimes of violence in a foreign jurisdiction pursuant to this state's general recidivist law require the elements of the foreign state crime to be the equivalent of a comparable felony in West Virginia and the sentence must have been served in a penitentiary; the prerequisite conditions were not met in this case. <u>Id.</u> at 6 – 7.

By summary dismissal order entered on March 24, 2015, the Circuit Court of Marion County denied this petition. <u>Id.</u> at 77 & 86.

On April 22, 2015, Petitioner filed a notice of appeal with the West Virginia Supreme Court of Appeals of the Circuit Court of Marion County's March 24, 2015 order denying his second state habeas petition; it was assigned Case No. 15-0356. In his *pro se* petition for appeal, Petitioner raised the same three grounds of error raised in the Circuit Court:

1) The Circuit Court erred when it ruled that Petitioner's conviction and sentence for distribution of obscene matter to a minor pursuant to W.Va. Code § 61-8A-2 (2012, c. 33) did not violate [Article III, §4 of the West Virginia Constitution] and Article 1, § 10, cl. 1 of the United States Constitution. ECF No. 30-4 at 5.

2) the Circuit Court erred when it ruled that when the State legislature enacted W.Va. Code § 61-8-16 (1976, c. 42), W.Va. Code § 61-3C-14a (2002, c. 92) and W.Va. Code § 61-8A-2 (2000, c. 193), which create divergent criminal sanctions predicated on identical conduct, they violated Petitioner's rights under the First and Fourteenth Amendments to the United States Constitution. Id. at 10.

3) The Circuit Court erred when it ruled that even if Petitioner's conviction and imprisonment for "involuntary deviate sexual intercourse" did not fall within the scope of the recidivist statute, Petitioner was still subject to a life sentence under W.Va. Code § 61-11-18 (recidivist statute) based on other enumerated offenses. Id. at 17 - 18.

By memorandum decision filed on December 7, 2015, the WVSCA again affirmed Petitioner's conviction and sentence and rejected each of Petitioner's assignments of error on the merits. Gardner v. Ballard, No. 15-0356, 2015 WL 8231278, at *1 (W.Va. Dec. 7, 2015). Mandate issued on January 6, 2016. ECF No. 11-1 at 92.

**3) Third State Habeas**

On January 27, 2016, three weeks after filing this § 2254 petition, Petitioner filed his third *pro se* state habeas petition in the Circuit Court of Marion County; it was assigned Case No. 16-C-73. See ECF No. 16-1. In it, Petitioner raised seven grounds for relief:

1) his plea of guilty was not freely, voluntarily, knowingly, and intelligently entered and therefore Petitioner's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were violated. ECF No. 30-5 at 4.

2) W.Va. Code § 61-8A-2 does not provide clear, explicit, and adequate notice of the prohibited conduct in violation of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution. Id. at 5.

3) the life recidivist sentence under W.Va. Code §61-11-18 imposed by the state court is unconstitutional because it violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Id. at 6.

4) Petitioner was denied his right to the effective and meaningful assistance of [trial, appellate, and habeas] counsel as secured by the First, Sixth, and Fourteenth Amendments to the United States Constitution, by [all] counsels' acts of omission and commission [id. at 8], when:

a) trial counsel Thomas Dyer failed to ask the Court to distinguish between the use of a landline vs. cellular telephone, which, given the legislative history of the relevant statutes, is a critical and important distinction. Id.

b) Had Mr. Dyer conducted the requisite inter-jurisdictional and intra-jurisdictional comparison to determine whether Petitioner's sentence was proportionate to the character and degree of the offense, he would have discovered that a habitual life sentence might be imposed on an offender with Petitioner's criminal background in only 8 states. Id.

d) Mr. Dyer failed to conduct a reasonable investigation into Petitioner's previous convictions identified in the Information prior to advising him to enter a plea, because Petitioner's Pennsylvania conviction was not a viable prior conviction for purposes of the recidivist statute; Petitioner had no duty to register as a sex offender in West Virginia in 2003 because Pennsylvania had discharged Petitioner from custody; and the convictions for failure to register and enticing away should be coterminous, leaving Petitioner with only one former conviction for purposes of the recidivist statute. Id. at 8 - 9.

e) Mr. Dyer failed to rebut the prosecuting attorney's misrepresentations and prejudicial statements made about Petitioner during the periods of time when Petitioner was not incarcerated, and failed to emphasize the eight years when Petitioner was not incarcerated. Id. at 9.

f)  On appeal, Mr. Dyer failed to argue that the habitual life sentence imposed violated the Eighth Amendment's prohibition of cruel and unusual punishment, and Petitioner's Fifth and Fourteenth Amendment rights under the United States Constitution. Id. at 8.

g) Mr. Christopher, Petitioner's habeas counsel, failed to conduct an inter-jurisdictional comparison of the habitual offender statute that would have shown only 8 States impose a habitual life sentence on defendants with criminal backgrounds similar to Petitioner's. Id. at 9.

h) Mr. Christopher did not identify Mr. Dyer's failure to rebut the prosecuting attorney's misrepresentations and prejudicial statements about Petitioner during the years he was not incarcerated. Id.

i) Mr. Christopher did not identify as a viable claim for relief Mr. Dyer's failure to conduct a reasonable investigation into Petitioner's prior convictions prior to advising him to plead guilty as a recidivist. Id. at 10.

j) Mr. Christopher did not identify Mr. Dyer's failure to inform the sentencing judge that Petitioner had never been sentenced to statutory rape. Id.

k) Mr. Christopher failed to contest the conviction and sentence for distributing obscene matter to a minor as a violation of the *ex post facto* provisions of the state and federal constitutions. Id.

5) The retrospective application of W.Va. Code §61-8A-2 (2012, c. 33) which proscribes the dissemination of obscene matter to a minor using a computer . . . violates the constitutional provision prohibiting *ex post facto* clause, Article 1, § 10, cl. 1 of the United States Constitution, when the penal code in 2008 classified an obscene telephone call as a misdemeanor. Id.

6) Petitioner was denied due process of law as secured by the Fifth and Fourteenth Amendments to the United States Constitution and Petitioner was denied equal protection of the law when the state legislature enacted three criminal statutes which provide three different sanctions for the conduct attributed to Petitioner, and therefore, failed to give a person of ordinary intelligence fair notice that his contemplated conduct was prohibited by law and he would be prosecuted for committing a felony rather than a misdemeanor. Id. at 12.

7) Petitioner was denied due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution when Circuit Court of Marion County ruled that even if Petitioner's conviction and imprisonment for "involuntary deviate sexual intercourse" did not fall within the scope of the recidivist statute, Petitioner was still subject to a life sentence under W.Va. Code § 61-11-18 based on other enumerated predicate offenses. Petitioner's habitual life sentence violates the Equal Protection Clause of the Fourteenth Amendment and the Eighth Amendment's prohibition of cruel and unusual punishment. Id. at 14.

On June 17, 2016, the Circuit Court of Marion County entered a Summary Dismissal Order containing findings of fact and conclusions of law, noting that "all of . . . [Petitioner's claims] but for ground four, were either previously and finally adjudicated or waived in the omnibus proceeding on October 25, 2013 . . . [and that] the only new and qualifying ground for relief in . . . Petitioner's third . . . petition is his claim of ineffective assistance of habeas counsel." ECF No. 16-1 at 12. After examining those claims, it dismissed the petition without an evidentiary hearing. Id. at 3 & 23.

On July 13, 2016, in the WVSCA, Petitioner filed a notice of appeal; the case was assigned Case No. 16-0688. ECF No. 22-2 at 2. In his appellate petition, Petitioner raised three assignments of error:

1) an enhanced sentence is disproportionate as there is no national consensus to impose a life sentence for distribution of obscene matter to a minor [ECF No. 28-1 at 6 & 14];

2) the legislative revision of the legal definition of kidnapping in 2012 constitutes an intervening change in the substantive law that is favorable to Petitioner and may be addressed in a post-conviction proceeding [id. at 6 & 26]; and

3) Petitioner was denied due process of law as secured by the Fifth and Fourteenth Amendments to the U.S. Constitution and Article III, § 5 of the W.Va. Constitution when the lower court did not adjudicate 6 claims for relief. Id. at 6 & 38.

As of the date of entry of this Report and Recommendation ("R&R"), this appeal was still pending.

## E. § 2254 Petitions

## First § 2254 Petition

On April 6, 2015, Petitioner filed a petition for federal habeas relief pursuant to 28 U.S.C. §2254 in this Court and was docketed as Civil Action No. 5:15cv42. It was dismissed for failure to prosecute on July 20, 2015. Thereafter, Petitioner filed a "Fed. R. Civ. P. 52(e) Motion to Alter or Amend Judgment." By Order entered August 5, 2015, the Motion was denied.

## II. The Pleadings

## A. Second and Instant § 2254 Petition

Petitioner filed the instant petition for federal habeas relief on January 6, 2016, raising these grounds for relief:

1) Petitioner's plea of guilty was not voluntarily, intelligently and knowingly entered because the court did not make an explicit finding that the material was obscene within the terms of the statute and/or that Petitioner knowingly distributed obscene matter to a minor [ECF No. 1 at 6];

2) W.Va. Code § 61-8A-2 does not provide a clear, explicit and adequate notice of its prohibited conduct, and thus Petitioner's Fifth and Fourteenth Amendment due process rights were violated [id. at 8];

3) Petitioner's sentence was unlawfully enhanced because his prior Pennsylvania conviction is not a valid former conviction [id. at 11];

4) Petitioner was denied a complete defense when trial and appellate counsel failed to challenge the basis for an enhanced sentence, because Petitioner's "foreign state convictions were not valid former convictions and sentences to a penitentiary." Id. at 13.

As relief, Petitioner requests that counsel be appointed; he be granted an evidentiary hearing; and his life sentence as a habitual offender be vacated. Id. at 20.

## B. The Respondent's Motion to Dismiss, ECF No. 11, (later withdrawn pursuant to ECF No. 20)

The Respondent argues that Petitioner's § 2254 petition should be dismissed because absent some tolling event, Petitioner had one year from June 14, 2012 "(i.e., 91 days after the . . . WVSCA's March 15, 2012 mandate . . . issued, denying his appeal)[]" [ECF No. 11 at 3] to file his § 2254 petition; Petitioner did not file his (first) state habeas petition until June 14, 2013, the very last day of the one year statute of limitations for seeking federal habeas relief. This filing tolled the one year statute of limitations for the single day left, and it remained tolled from that day until November 3, 2014, when the WVSCA issued its mandate affirming the Circuit Court's denial of his habeas petition, or at least by Novmeber4, 2014. Therefore, Petitioner's one year statute of limitations fully ran before Petitioner filed his January 6, 2016 § 2254 petition and it must be dismissed as untimely. Id. at 3 - 4.

## C. Petitioner's Response to Respondent's Motion to Dismiss ECF No. 15

Petitioner argues that his § 2254 petition was timely filed, noting that the filing date of his first state habeas petition was December 10, 2012, when he filed his *pro se* petition; after counsel was appointed, he filed an amended petition on June 14, 2013. Petitioner recounts a detailed chronology of the relevant dates of his filings in the state courts. He incorrectly states that "[o]n April 6, 2015 . . . [he] initiated this action[.]" ECF No. 15 at 4. He asserts that his petition is timely and requests that the Respondent's dispositive motion be denied. ECF No. 15 at 2 - 5.

**D. <u>Petitioner's Motion for Judicial Notice, ECF No. 16</u>**

Petitioner reiterates his claim that his § 2254 petition is timely, again detailing the timeline of the dates of his conviction, sentencing, and habeas filings in the state courts. For the first time, he reveals that he has filed a third state habeas petition in the Circuit Court of Marion County, West Virginia [ECF No. 16 at 3] and asks the court to take judicial notice of an attached copy of a June 17, 2016 Summary Dismissal Order issued in that habeas action, Circuit Court of Marion County, West Virginia Case No. 16-C-73. <u>See</u> ECF No. 16-1. He reiterates his request that the Respondent's dispositive motion be denied. ECF No. 16 at 2 - 5.

**E. <u>Respondent's Reply to Petitioner's Response, ECF No. 19</u>**

In reply to Petitioner's Motion for Judicial Notice, Respondent asserts that in preparing to draft its Motion to Dismiss, its records request to the Marion County Circuit Court for "all records" failed to produce a copy of Petitioner's *pro se* petition. ECF No. 19 at 2. Upon being granted an extension of time, Respondent obtained a copy of that *pro se* petition, and upon its review, Respondent now concedes that Petitioner's § 2254 petition was timely filed after all and moves to withdraw its initial motion to dismiss. <u>Id.</u>, ¶ 5 at 2. However, Respondent notes that Petitioner has not exhausted at least his claim of appellate counsel's ineffectiveness and that Petitioner admits the same. <u>Id.</u>, ¶7 at 2; <u>see</u> <u>also</u> ECF No. 1 at 13 – 15. Accordingly, because the petition is a "mixed petition" containing both exhausted and unexhausted claims, Respondent contends that it must be dismissed. ECF No. 19 at 4.

**F. <u>Respondent's Motion to Dismiss for Failure to Exhaust and Memorandum in Support, ECF No. 22 & 23</u>**

Respondent concedes that although the Petitioner's § 2254 petition is timely filed, Petitioner's claim that appellate counsel was ineffective is not exhausted and that Petitioner admits the same. ECF No. 22 at 2. Further, Respondent asserts that after Petitioner filed the

instant § 2254 petition, Respondent learned that Petitioner filed a third state habeas petition in the Circuit Court on April 21, 2016 [sic] and then appealed its denial to the WVSCA, where it is still pending.  Id. at 3.  Because Petitioner has not finished exhausting his claims, his federal petition should be dismissed without prejudice.  Id.

Respondent attaches a copy of a September 13, 2016 cover letter from Petitioner to the Clerk of the Circuit Court of Marion County, enclosing a motion for appointment of appellate counsel that notes that Petitioner was pursuing an appeal of his third state habeas [ECF No. 22-1 at 2 & 3]; a copy of the WVSCA's scheduling order on the new appeal [ECF No. 22-2 at 2]; a copy of the Circuit Court of Marion County's docket on Petitioner's third state habeas action [ECF No. 22-2]; and a copy of a WVSCA order granting Petitioner's motion to designate the appellate record. ECF No. 22-3.

## G. **Petitioner's First Response, ECF No.  27**

In Petitioner's first response, styled as Petitioner's Reply to Respondent' Motion to Dismiss for Failure to Exhaust State Remedies, Petitioner admits that "the majority of . . . [his] colorable federal claims have been fully exhausted . . . [and] any . . . that . . . [have] not been fully exhausted will be addressed by the . . . [WVSCA] in the not to[o] distant future." ECF No. 27 at 4.  He requests that this Court find that his claims have been "fully exhausted or are in the process of becoming fully exhausted in the near future." Id. at 5.  He requests that he be granted a stay and abeyance rather than dismissal without prejudice if the Court determines he had good cause for his failure to exhaust. Id.

## H. **Petitioner's Second Response, ECF No. 28**

While Rule 5(e) of the Rules Governing § 2254 Cases in the United States District Courts states that a petitioner "may submit *a reply* to the respondent's answer or other pleading within a

time fixed by the judge (emphasis added)," here, because Petitioner filed both replies the same day, his second will be given review. In Petitioner's second response, also styled as Petitioner's Reply to Respondent' Motion to Dismiss for Failure to Exhaust State Remedies, Petitioner reiterates his claims and arguments. He again prays that if the Court finds that he has filed a mixed petition, it also determine he has good cause for any failure to exhaust, and grant him a stay and abeyance rather than order a dismissal without prejudice, because "[t]here may be less . . . [than] twenty-eight (28) days remaining" on his one-year statute of limitations. ECF No. 28 at 12. He attaches a copy of his petition on the appeal of his third state habeas to the WVSCA. ECF No. 28-1.

## III. <u>Standard of Review</u>

### A. <u>Motion to Dismiss</u>

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993); <u>see</u> <u>also</u> <u>Martin</u>, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Courts long have cited the

"rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46. In <u>Twombly</u>, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Conley</u>, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," <u>id.</u> (citations omitted), to one that is "plausible on its face," <u>id.</u> at 570, rather than merely "conceivable." <u>Id</u>. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." <u>Bass v. E.I. DuPont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir.2003) (citing <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir. 2002); <u>Iodice v. United States</u>, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in <u>Ashcroft v. Iqbal</u>, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. <u>Id.</u>

When, as in this case, a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. <u>Motion for Summary Judgment</u>**

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

In viewing the motion for summary judgment, the Court must do so under the constraints imposed by the habeas statue. Under § 2254, this Court may not grant federal habeas relief unless it concludes that West Virginia's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. § 2254(d)(1); see also Williams v. Taylor, 529 U.S. 362 (2000). A state court decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," 28 U.S.C.A. § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 405. A state court decision "involves an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court," 28 U.S.C.A. § 2254(d)(1), if the state court decision "identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412. An objectively "unreasonable application of federal law is different from an incorrect or erroneous application of federal law." Id. Thus, "a federal habeas court may not issue the writ

simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable" for habeas relief to be granted. Id. at 411.

As these principles make clear, § 2254(d) imposes a powerful limit on the relitigation of claims that have already been rejected by state courts:

> [Section 2254(d)] preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.

Harrington v. Richter, 131 S.Ct. 770, 786–87 (2011). A habeas Petitioner proceeding under § 2254 bears the burden of showing that he is entitled to habeas relief under this highly deferential standard.

Finally, determinations of factual issues by the state court are presumed to be correct, and the Petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010). This standard "reflects Congress's view that there is no reason for a do-over in federal court when it comes to facts already resolved by state tribunals." Id. Accordingly, courts should not "casually cast aside a state court's factual findings. Id.

**IV. Analysis**

18

## A. <u>Exhaustion of State Remedies</u>

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. <u>See</u> 28 U.S.C. §2254(b). Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the Petitioner has first exhausted his state remedies. <u>Castille v. Peoples</u>, 489 U.S. 346, 349, *reh'g denied,* 490 U.S. 1076 (1989). To exhaust state remedies, a habeas Petitioner must fairly present the substance of his claim to the state's highest court. <u>Matthews v. Evatt</u>, 105 F.3d 907 (4th Cir. 1997), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the Petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." <u>Id</u>. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004); <u>see</u> <u>also</u> <u>Howell v. Mississippi</u>, 543 U.S. 440, 444 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a Petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the WVSCA. <u>See</u> <u>Moore v. Kirby</u>, 879 F.Supp. 592, 593 (S.D. W.Va. 1995); <u>see</u> <u>also</u> <u>Bayerle v. Godwin</u>, 825 F.Supp. 113, 114 (N.D. W.Va. 1993). A federal court may only consider those issues the Petitioner presented to state court. <u>Picard v. Connor</u>, 404 U.S. 270 (1971). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c).

In addition, it is Petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998), *cert. denied,* 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the Petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas Petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365 (1995). Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the Petitioner must also "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). Finally, a Petitioner must show that the claims he raised in the state proceedings are the exact same claims he is raising in a federal habeas petition. See Pitchess v. Davis, 421 U.S. 482, 487 (1975); see also Picard v. O'Connor, 404 U.S. 270, 275 – 76 (1971). "It is not enough that all the facts necessary to support the federal claims were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (internal citations omitted). Not only must the claim itself be the same, but the same factual grounds must be raised in support of the claims in state court as in federal court, and a specific federal constitutional claim must be raised in the state proceedings. Id.

Although *pro se* petitions are to be liberally construed, as set forth in Haines v. Kerner, 404 U.S. 519 (1972), habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849 (1994). "[N]otice pleading is not sufficient, for the petition is expected to

state facts that point to a real possibility of constitutional error." <u>Blackledge v. Allison</u>, 431 U.S. 63, 75, n. 7 (1977) (internal quotations omitted). A habeas Petitioner must come forth with evidence that a claim has merit. <u>Nickerson v. Lee</u>, 971 F. 2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993). Unsupported, conclusory allegations do not entitle a habeas Petitioner to relief. <u>Id</u>.

Here, Petitioner has filed a direct appeal to the WVSCA and three state petitions for writs of habeas corpus; he has appealed the orders denying all three of those state habeas petitions to the WVSCA. However, the appeal of the third state habeas petition is still pending in the WVSCA. After a review of the available record, the undersigned concludes that none Petitioner's instant claims is fully exhausted, either because the claims raised here lack a federal ground, are different claims than those previously raised in the state courts, or are the same claims, but have never been fully exhausted. More specifically, the undersigned makes the following findings with regard to each of Petitioner's individual claims:

**1) Petitioner's plea of guilty was not voluntarily, intelligently and knowingly entered because the court did not make an explicit finding that the material was obscene within the terms of the statute or that Petitioner knowingly distributed obscene matter to a minor.**

As an initial point, the undersigned notes that this § 2254 claim does not even raise a federal ground. Moreover, Petitioner contends that this claim was raised in his first state habeas petition and again in his appeal of its denial [ECF No. 1 at 7 – 8]; the Respondent offers nothing to rebut this.

Upon careful review, it is apparent that this claim was not raised in Petitioner's *pro se* petition in his first State habeas or in the amended petition filed by counsel. A *related* claim was raised in his amended petition as Ground Five, but that claim stated that "Petitioner's guilty plea to the underlying felony was involuntary given that the prosecuting attorney induced Petitioner

to plead to it by encouraging a justifiable belief that the State would not inform the Court of any prior convictions if a guilty plea was entered." ECF No. 11-1 at 60. This is not the *same* claim that Petitioner now raises here. Nor is this claim found in Petitioner's second *pro se* state habeas petition (or its appeal). However, it is found in Petitioner's third state habeas petition, as Ground One, a claim that for the first time states a federal ground, asserting that Petitioner's "plea of guilty was not freely, voluntarily, knowingly, and intelligently entered and therefore Petitioner's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were violated." ECF No. 30-5 at 4. The argument in support does contend that the trial court failed to "make an explicit finding that petitioner . . . [had] knowledge of the character of the material, [and] knowingly and intentionally distribute[d] . . . obscene matter to a minor[.]" Id. at 5. Nonetheless, this claim is not exhausted, because it is still pending on appeal in the WVSCA.

**2) W.Va. Code § 61-8A-2 does not provide a clear, explicit and adequate notice of its prohibited conduct, and thus Petitioner's Fifth and Fourteenth Amendment due process rights were violated**.

Petitioner contends he raised this federal claim on direct appeal, in his second state habeas, and again in the appeal of the denial of his second state habeas [ECF No. 1 at 9 – 10]; the Respondent offers nothing to rebut this.

Again, a thorough review of the record reveals that the claim raised as Ground One on direct appeal does not mention any federal constitutional rights violation, only that the "Circuit Court erred in ruling that an obscene phone call is a "distribution" as defined by W.Va. Code § 61-8A-1." Further, his argument in support does not allude to any federal Constitutional violation. Moreover, the claim made as Ground One in Petitioner's second State habeas petition was that his "conviction and sentence pursuant to W.Va. Code § 61-8A-2 (2012, c. 33) for

distribution and display of obscene matter to a minor violates Article III, §4 of the West Virginia Constitution and Article 1, §10, cl. 1 of the United States Constitution." Although it is raised with a federal ground, his argument in support asserts that amendments to the statute constitute *ex post facto* violations, thus the claim has a different federal ground than the claim raised here. In his petition on appeal of his second state habeas, his Ground Three claim is that "Petitioner was denied due process of law as secured by the Fifth and Fourteenth Amendments to the U.S. Constitution and Article III, § 5 of the W.Va. Constitution when the lower court did not adjudicate 6 claims for relief." ECF No. 28-1 at 6 & 38. His argument in support of this asserts that he "was denied an adequate adjudication of significant federal constitutional issues when the Court concluded petitioner had only raised one viable issue [in his second state habeas]: the denial of effective assistance of post-conviction counsel." ECF No. 28-1 at 39. This is not factual basis for the claim raised here, thus it is not the *same* claim, and therefore, it is not exhausted.

**3) Petitioner's sentence was unlawfully enhanced because his prior Pennsylvania conviction is not a valid former conviction.**

Petitioner asserts that he raised this claim on direct appeal, in his second state habeas, and then again on the appeal of the denial of his second state habeas petition. ECF No. 1 at 11 – 13. The Respondent offers nothing to rebut this.

Upon its face, this § 2254 claim appears to lack a federal ground. However, in the argument in its support, Petitioner does assert that he was

> denied due process of law as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution when [the] Circuit Court ruled that even if petitioner's conviction for "involuntary deviate sexual intercourse" did not fall within the scope of the recidivist statute, petitioner was still subject to a life sentence under W.Va. Code § 61-11-18 based on other enumerated predicate offenses. Petitioner's habitual life sentence violates the Equal Protection Clause of the 14[th]

Amendment and the 8th Amendment's prohibition of cruel and unusual punishment.

ECF No. 1 at 21. Petitioner goes on to argue that his "Pennsylvania conviction and sentence is not a valid predicate offense[] for enhancing the recent conviction for violating W.Va. Code § 61-8A-2." Id. at 22.

However, a careful review of Petitioner's brief on appeal of his conviction and sentence to the WVSCA does not support his contention that this claim was raised on appeal. On appeal, his claim was that his "life recidivist sentence (W.Va. Code § 61-11-18) imposed by the Circuit Court is unconstitutional." ECF No. 30-1 at 11. Petitioner's argument in support of the claim he raises here is largely about the violations of his West Virginia constitutional rights [id. at 12]; although he did allude once to the Eighth Amendment of the United States Constitution in his preceding "summary of argument." Id. at 7. While he does mention the Pennsylvania conviction, it is only in passing when he lists all of his prior convictions; nowhere does he allege that was "not a valid former conviction." Accordingly, this was not the same claim raised here.

Petitioner denies having raised this claim in his first state habeas petition. A review of the *pro se* and amended petitions filed there supports this.

The claim Petitioner raised in his second state habeas petition was raised there as Ground Three:

> Enhancement of a criminal sentence predicated on crimes of violence in a foreign jurisdiction pursuant to this state's general recidivist law requires the elements of the foreign state crime to be the equivalent of a comparable felony in West Virginia, and the sentence must have been served in a penitentiary, and the prerequisite conditions were not met in this case.

ECF No. 30-3 at 6 – 7. In Petitioner's argument in support, he asserts that his prior Pennsylvania conviction for "deviate sexual intercourse" was not a valid predicate felony for sentence enhancement as a recidivist under W.Va. Code § 61-11-18. Id. at 7 – 8. However, nowhere does

he allege a federal ground to the claim. Likewise, that same claim was raised in the appeal of his second state habeas to the WVSCA. Thus, the claim raised there had no federal ground; therefore, it is not the same claim he now raises here, and it is not exhausted.

In Petitioner's third state habeas petition, his Ground Three claim was that "[t]he life recidivist sentence under W.Va. Code § 61-11-18 imposed by the state court is unconstitutional as it violates the Fifth, Eighth, and Fourteenth Amendment[s] to the U.S. Constitution. ECF No. 30-5 at 6. In his argument in support, after detailing his convictions and sentences for all of his predicate convictions for the recidivist enhancement, and noting that he did not serve his sentence for the Pennsylvania conviction in a penitentiary, his argument was that his life sentence as recidivist violated the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution because "the triggering offense was non-violent." Id. at 7. He further noted how many years of his adult life he spent as a law-abiding citizen and provided statistics on recidivism in offenders of various age groups. Id. Even liberally construed, it is clear this claim does not have the same factual basis as the Petitioner now provides for the claim he raises here. Thus, this claim is not exhausted, because Petitioner still has a remedy in state court.

**4) Petitioner was denied a complete defense when trial and appellate counsel failed to challenge the basis for an enhanced sentence, because Petitioner's "foreign state convictions were not valid former convictions and sentences to a penitentiary."**

Petitioner admits he did not raise this claim on direct appeal or in any post-conviction motion. ECF No. 1 at 14 – 15. The Respondent contends that Petitioner's claim that appellate counsel was ineffective is not exhausted and that Petitioner admits as much. ECF No. 22 at 2 – 3. At the time Respondent filed its dispositive motion on the failure to exhaust, Petitioner had not yet filed his brief on appeal to the WVSCA of the denial of the third state habeas; Respondent

notes that in Petitioner's motion for appointed counsel on appeal, Petitioner indicated that he intended to raise seven grounds.  <u>Id.</u> at 3.

As a preliminary note, Petitioner's choice of wording in this claim that "trial and appellate counsel failed to challenge the basis for an enhanced sentence . . ." is ambiguous, because attorney Thomas Dyer served as both trial and appellate counsel. It is unclear whether Petitioner intended the claim against attorney Dyer as trial counsel or against him as appellate counsel, or if he was merely generally referring to Dyer as the attorney who served as both. While Petitioner provided no argument in support of this claim, his brief "supporting facts" state that "Thomas G. Dyer . . . and Braden L. Christopher . . . failed to contest the imposition of an enhanced sentence because the foreign state convictions were not valid former convictions and sentences to a penitentiary.  Mr. Dyer advised petitioner to . . . . [plead] guilty without a formal agreement that there would be no recidivist proceeding."  ECF No. 1 at 13 – 14. As the reason he did not exhaust the claim previously, Petitioner contends that "in the direct appeal, Mr. Dyer asserted the life sentence violated Art. III, § 5 of the WV Constitution. Mr. Christopher asserted the Circuit Curt lacked jurisdiction to impose a life sentence because the court failed to follow the strict procedural requirements set forth in state law." <u>Id.</u> at 14.

Liberally construed, it appears then that this claim is directed against attorney Dyer in his roles as trial counsel for not challenging the predicate convictions for his enhanced sentence as a recidivist, and against Dyer in his role as appellate counsel, for only raising the claim on appeal as a violation of the West Virginia Constitution, and not also a violation of Petitioner's federal constitutional rights. Further, although not initially plainly stated, it appears to be a claim of ineffective assistance of counsel against attorney Christopher, who was appointed counsel in

Petitioner's first State habeas action. Nonetheless, the point is moot, because the claim as it is raised here lacks a federal ground.

A careful review of Petitioner's previous state habeas actions indicates that he raised a *related* claim in his first amended state habeas petition as Ground Two, that counsel was ineffective for failing to challenge the Recidivist Information prior to or at sentencing on the grounds that the Information was defective for its noncompliance with the enhanced sentencing statute. ECF No. 11-1 at 47. However, the argument in support there was that counsel should have challenged the Recidivist Information for its procedural noncompliance, because it did not list all of Petitioner's "convictions and sentences [id. at 47 (emphasis in original)]" and it was not filed during the same term of court in which the triggering conviction was obtained. Id. at 50. Thus, not only does it lack the same factual ground as the claim raised here, there is no federal ground to the claim as it was raised there.

Petitioner's third state habeas did raise seven claims, one of which, identified herein as Ground 4(d), liberally construed, could be viewed as encompassing this claim. ECF No. 30-5 at 8 – 9. However, on appeal of the denial of that petition, Petitioner raised only three grounds for appeal to the WVSCA. This claim was not one of them. Thus, it is not exhausted, and Petitioner still has a potential remedy available in state court.

Consequently, upon a thorough review of the record, it is apparent that Petitioner has failed to exhaust his state remedies with regards to *any* of the claims in his § 2254 petition. As such, Petitioner's unsupported allegations that he has exhausted or even partially exhausted his claims, or that he has shown good cause for his failure to do so, does not raise any genuine issue of material fact, and summary judgment for the Respondent is warranted. Therefore, this petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 515-516 (1982).

## V. Recommendation

For the reasons set forth in this opinion, it is recommended that the Respondent's Motion to Dismiss for Failure to Exhaust, construed here as a Motion for Summary Judgment [ECF No. 22], be **GRANTED** and Petitioner's § 2254 petition [ECF No. 1] be **DISMISSED without prejudice** to the Petitioner's right to renew the same following the proper exhaustion of his state court remedies.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide a copy of this Report and Recommendation electronically to Laura J. Young, Office of the Attorney General, 812 Quarrier Street, 6th Floor, Charleston, WV 25301.

DATE: January 23, 2017

       /s/ James E. Seibert_____
       JAMES E. SEIBERT
       UNITED STATES MAGISTRATE JUDGE