**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**THOMAS EUGENE GARDNER, JR.,**

    Petitioner,

**v.**
                                          **CIVIL ACTION NO.: 3:16-CV-3
(GROH)**

**DAVID BALLARD, Warden,**

    Respondent.

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of an R&R. Magistrate Judge Seibert issued his R&R [ECF No. 32] on January 23, 2017. In the R&R, he recommends that the Respondent's Motion to Dismiss for Failure to Exhaust [ECF No. 22] be granted and the Petitioner's 28 U.S.C. § 2254 Petition [ECF No. 1] be dismissed without prejudice. For the reasons set forth below, the court **ADOPTS** Magistrate Judge Seibert's R&R, **GRANTS** the Respondent's Motion to Dismiss for Failure to Exhaust and **DISMISSES** the Petitioner's § 2254 Petition **WITHOUT PREJUDICE**.

Objections to Magistrate Judge Seibert's R&R were due within fourteen days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Service was accepted at the Mount Olive Correctional Complex in Mount Olive, West Virginia, on January 20, 2017. On February 6, 2017, the Court received the

Petitioner's Motion for an Extension of Time [ECF No. 34]. The Court granted the motion [ECF No. 36] and extended the deadline to file objections until February 28, 2017. On February 15, 2017, the Petitioner timely filed his objections to the R&R [ECF No. 35].

**I. Standard of Review**

The Court is aware of the Petitioner's *pro se* status. *Pro se* pleadings are held to less stringent standards than those drafted by licensed attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, the Court construes liberally the Petitioner's arguments in opposition to the R&R, but it will not create objections where none exist.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, objections to a magistrate judge's R&R must be specific. See Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir. 1982); see also Parker v. Comm'r of Soc. Sec., No. 4:11cv00030, 2012 WL 1356593, at *3 (W. D. Va. Apr. 19, 2012). General objections or mere reiterations of arguments already presented to the magistrate judge "have the same effect as a failure to object" and do not warrant *de novo* review. Parker, 2012 WL 1356593, at *3 (internal quotations and citation omitted); see also United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007); Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003). Thus, the Court will review *de novo* only those portions of the R&R to which the Petitioner has made specific objections. The remainder of the R&R to which "general and conclusory" objections have been made will be reviewed for clear error. See McGhee v. Colvin, 6:14-cv-02644-JMC, 2015 WL 5707866, at *1 (Sept. 25, 2015) (internal quotations and citation omitted).

## II. Discussion

Here, the Petitioner makes just two specific objections to the R&R.  First, he argues Ground One has been "fairly presented" in state post-conviction proceedings and should therefore be "deemed exhausted."  See ECF No. 35 at 4.  Second, he contends that he has "articulated the federal constitutional basis" for Ground Four and has "afforded the state's highest court multiple opportunities to vacate the flawed and arbitrary convictions." See id. at 15-16.

Upon review, it is apparent the Petitioner first raised the claim found in Ground One in his third state habeas petition, which is currently pending on appeal.[1]  Although a related ground was raised in his first state habeas petition, Ground One presents new factual claims not previously considered by the highest court of any state.  See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) ("The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition.").  In his first state habeas petition, the Petitioner argued his guilty plea was involuntarily given because "the prosecuting attorney . . . encourag[ed] a justifiable belief that the State would not inform the Court of any prior convictions if a guilty plea was entered." ECF No. 11-1 at 60.  Ground One, on the other hand, asserts the Petitioner's "plea of guilty was not voluntarily, intelligently and knowingly entered" because "the Court did not make an explicit finding that [he] knowingly distributed obscene matter to a minor." ECF No. 1 at 6.  Therefore, because these claims, albeit related, are factually distinguishable from one another, the exhaustion requirement is not satisfied.

---

[1] The notice of appeal was assigned Case No. 16-0688.  See ECF No. 22-2 at 2.  As of the date of entry of this Order, the Supreme Court of Appeals of West Virginia has yet to address the assignments of error raised by the Petitioner.

3

With regard to Ground Four, the Petitioner admits he has not raised this claim on direct appeal or in any post-conviction proceeding. See ECF No. 1 at 14. Upon review of the record, the Court agrees with this admission. Further, the Court notes the Petitioner raised no specific objection to this finding by the Magistrate Judge. Thus, because the Petitioner still has a potential remedy available in state court, the exhaustion requirement is not satisfied. Accordingly, both of the Petitioner's objections are **OVERRULED**.

The remainder of the Petitioner's arguments are, in some form, reiterations of claims or factual scenarios already presented. Consequently, in the absence of specific objections, this Court is not required to provide an explanation for adopting the remaining portions of the R&R. See McGhee, 2015 WL 5707866, at *2.

### III. Conclusion

Therefore, upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation [ECF No. 32] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Court **GRANTS** the Respondent's Motion to Dismiss for Failure to Exhaust [ECF No. 22] and **DISMISSES** the Petitioner's 28 U.S.C. § 2254 Petition [ECF No. 1] **WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket, enter a separate judgment in favor of the Respondent, and transmit a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED:** March 16, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

4